IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | ) | |
|---|---|---|
| IN RE: | ) | **UNDER SEAL** |
| | ) | (Pursuant to Local Criminal Rule 49 and |
| | ) | Fed. R. Crim. P. 6(e)) |
| JOHN DOE 2010R03793 | ) | |
| | ) | Case No. 1:19-DM- 50 |
| | ) | |
| | ) | GRAND JURY NO. 19-3 |
| | ) | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION FOR AN ORDER TO SHOW CAUSE

This Court should deny Jeremy Hammond's motion for an order to show cause. Hammond, a federal prisoner, has been brought to the Eastern District of Virginia to testify in front of the grand jury in connection with an ongoing criminal investigation. The Court has ordered him to testify in front of the grand jury. Hammond's motion, in effect, seeks to quash the Court's compulsion order and to obtain information to which he is not entitled as a grand-jury witness. Even though the government informed his counsel more than three weeks ago that it was bringing him to the Eastern District of Virginia to testify in front of the grand jury, Hammond waited until yesterday—the day before his scheduled grand-jury appearance—to file the pending 26-page motion. The untimely motion serves only to delay the proceedings.[1]

---

[1] We note that, according to the *Washington Post*'s article of September 3, 2019, unnamed "representatives" of Hammond released a statement asserting that "Jeremy firmly believes that grand juries are repressive tools of the government, used to investigate and intimidate activist communities and are abused by prosecutors to gain access to intelligence to which they are not entitled." Rachel Weiner & Ellen Nakashima, *Hacker Linked to WikiLeaks Says He's Been Brought to Virginia for Testimony*, Washington Post (Sept. 3, 2019), *available at* https://www.washingtonpost.com/local/legal-issues/hacker-linked-to-wikileaks-says-hes-been-brought-to-virginia-for-testimony/2019/09/03/3a46600c-ccce-11e9-87fa-8501a456c003_story.html (last visited Sept. 11, 2019) (attached as Ex. A).

The motion, moreover, is meritless. While the timing of the filing has precluded the government from providing a more fulsome response, Hammond's arguments are untenable on their face and should not delay his grand-jury appearance. For the reasons stated below, the Court should deny Hammond's motion and order his appearance before the grand jury tomorrow, September 12, 2019[2]:

1.    Contrary to Hammond's lead argument (at 11-17), the government is not required to show that a prisoner's testimony is "necessary" before calling the prisoner to testify in front of the grand jury. The Supreme Court has long cautioned courts against requiring the government to make preliminary showings before calling a witness to testify in front of the grand jury. As the Supreme Court has recognized, "[a]ny holding that would saddle a grand jury with minitrials and preliminary showings would assuredly impede its investigation and frustrate the public's interest in the fair and expeditious administration of the criminal laws." *United States v. R. Enters., Inc.*, 498 U.S. 292, 298-99 (1991) (quoting *United States v. Dionisio*, 410 U.S. 1, 17 (1973)). In the absence of any evidence of grand-jury abuse, the Court should refrain from requiring a preliminary showing of necessity by the government.

Moreover, Hammond's argument, which seeks to limit a prisoner's obligation to appear before the grand jury only to situations in which the government shows the testimony is "necessary," is inconsistent with the broad investigative powers of the grand jury. It is well established that the grand jury enjoys "wide latitude to inquire into violations of criminal law." *United States v. Calandra*, 414 U.S. 338, 343 (1974). The grand jury enjoys "broad investigative powers to determine whether a crime has been committed and who has committed it." *Dionisio*,

---

[2] Otherwise, after this week, this grand jury—Grand Jury No. 19-3—does not sit again for another month.

2

410 U.S. at 15. Its function "is to inquire into all information that might possibly bear on its investigation until it has identified an offense or has satisfied itself that none has occurred." *R. Enters.*, 498 U.S. at 297. As the Supreme Court has observed, the "grand jury's investigation is not fully carried out until every available clue has been run down and all witnesses examined in every proper way to find if a crime has been committed." *Dionisio*, 410 U.S. at 13 (quoting *United States v. Stone*, 429 F.2d 138, 140 (2d Cir. 1970)) (internal quotation marks omitted).

A witness called to testify in front of the grand jury, such as Hammond, "may not interfere with the course of the grand jury's inquiry." *Calandra*, 414 U.S. at 345. He "is not entitled to urge objections of incompetency or irrelevancy, such as a party might raise, for this is no concern of his." *Id.* (quoting *Blair v. United States*, 250 U.S. 273, 282 (1919)). Nor may he "set limits to the investigation that the grand jury may conduct." *Blair*, 250 U.S. at 282. It is simply his duty to appear before the grand jury and testify. *See id.* at 281. Regardless of his status as a federal prisoner, Hammond, like any other citizen, must testify in front of the grand jury when called upon to do so. *See Calandra*, 414 U.S. at 345 ("The duty to testify [before the grand jury] has long been recognized as a basic obligation that every citizen owes his Government."); *Branzburg v. Hayes*, 408 U.S. 665, 688 (1972) (recognizing that the grand jury's ability to call witnesses is "essential to its task").

2.   Hammond's second argument (at 18-24)—that the government is abusing the grand-jury process because it is calling Hammond for an improper purpose—fares no better. A "presumption of regularity" attaches to the grand jury's proceedings. *In re Grand Jury Subpoena*, 646 F.3d 159, 164 (4th Cir. 2011). "[T]he law presumes, absent a strong showing to the contrary, that a grand jury acts within the legitimate scope of its authority." *R. Enters.*, 498 U.S. at 300-01. A witness seeking to avoid testifying in front of the grand jury bears the burden

3

of showing otherwise. *Id.* at 301. While the grand jury must use its powers only for legitimate investigative purposes, *United States v. (Under Seal)*, 714 F.2d 347, 349-50 (4th Cir. 1983), the Fourth Circuit "has repeatedly recognized that district courts should refrain from intervening in the grand jury process absent compelling evidence of grand jury abuse," *United States v. Alvarado*, 840 F.3d 184, 189 (4th Cir. 2016).

Hammond has failed to provide any evidence of grand-jury abuse. He has not yet heard any of the questions that he will be asked in the grand jury. His arguments rest on speculation about the purpose of the government's inquiry and the scope of the questioning that will occur in front of the grand jury. It is well established that mere conjecture and speculation do not satisfy a witness's burden of establishing grand-jury abuse. *See United States v. Leung*, 40 F.3d 577, 582 (2d Cir. 1994) (holding that "speculations about possible irregularities in the grand jury investigation were insufficient to overcome the presumption that this investigation was for a proper purpose"); *United States v. Canino*, 949 F.2d 928, 943 (7th Cir. 1991) (holding that "[m]ere unsupported speculation of possible prosecutorial abuse does not meet the particularized need standard" to obtain grand jury transcripts); *United States v. Bellomo*, No. 02-CR-140 (ILG), 2002 WL 1267996, at *2 (E.D.N.Y. Apr. 10, 2002) (rejecting a motion to quash a subpoena because there was no "particularized proof that the government acted arbitrarily and for an improper purpose"); *United States v. Bin Laden*, 116 F. Supp. 2d 489, 493 (S.D.N.Y. 2000) (recognizing that "speculations about the Government's motives are insufficient to overcome the presumption of regularity"); *United States v. McVeigh*, 896 F. Supp. 1549, 1557-58 (W.D. Okla. 1995) ("Such rank speculation or supposition is insufficient to overcome the presumption of regularity that attaches to the grand jury's acts or to raise a substantial factual issue as to the purpose for which the subpoena and directive were issued.").

3. Finally, Hammond's claim (at 13) that he has not received due process has no merit. As his brief acknowledges (at 2), the government notified his attorney of its intent to call him as a witness more than three weeks ago. Hammond therefore received reasonable notice of the government's intent to call him in front of the grand jury and, as the upcoming hearing demonstrates, an opportunity to be heard on his objections.

Nor has Hammond been denied "adequate counsel," as he suggests (at 23). His brief reflects (at 25) that he is represented by *three* attorneys. His brief also recognizes (at 2, 23) that his attorneys have talked to him at least twice—over the telephone and recently in person. In fact, counsel for Hammond has represented to the government that she spent most of the day with Hammond on Monday, September 9, 2019. Under these facts, Hammond has no basis for claiming that he has been denied an adequate opportunity to consult with counsel.

*****

For the foregoing reasons, the Court should deny Hammond's motion and order him to appear and testify before the grand jury on Thursday, September 12, 2019.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____
Tracy Doherty-McCormick
First Assistant United States Attorney

Gordon D. Kromberg
Kellen S. Dwyer
Thomas W. Traxler
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone (703) 299-3700
Facsimile (703) 299-3980
Thomas.traxler@usdoj.gov

Adam Small
Nicholas Hunter
Trial Attorneys, National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone (202) 233-0986
Facsimile (202) 532-4251
Adam.small@usdoj.gov

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of September, 2019, I caused the foregoing document to be sent to the following via electronic mail:

Susan G. Kellman
Law Offices of Susan G. Kellman
sgk@kellmanesq.com

Sarah Kunstler
Law Office of Sarah Kunstler
sarah@kunstlerlaw.com

Jeffrey D. Zimmerman
Jeffrey Zimmerman, PLLC
zimpacer@gmail.com

Thomas W. Traxler
Assistant United States Attorney