1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | . | Case No. 1:19dm50 |
| vs. | . | Alexandria, Virginia |
| | . | September 12, 2019 |
| JOHN DOE 2010R03793, | . | 4:00 p.m. |
| Defendant. | . | ~~SEALED~~ REDACTED |

TRANSCRIPT OF CONTEMPT HEARING
BEFORE THE HONORABLE ANTHONY J. TRENGA
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE UNITED STATES:    GORDON D. KROMBERG, AUSA
                         KELLEN S. DWYER, AUSA
                         THOMAS W. TRAXLER, AUSA
                         United States Attorney's Office
                         2100 Jamieson Avenue
                         Alexandria, VA 22314


FOR THE GRAND JURY WITNESS:   JEFFREY D. ZIMMERMAN, ESQ.
                              Jeffrey Zimmerman PLLC
                              108 North Alfred Street
                              Alexandria, VA 22314
                                and
                              SARAH KUNSTLER, ESQ.
                              Kunstler Law
                              42 Broadway, Suite 12-122
                              New York, NY 10004


OFFICIAL COURT REPORTER:    ANNELIESE J. THOMSON, RDR, CRR
                           U.S. District Court, Third Floor
                           401 Courthouse Square
                           Alexandria, VA 22314
                           (703)299-8595


(Pages 1 - 16)


COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

```
                                                                    2
 1                    P R O C E E D I N G S
 2                    (Grand Jury Witness present.)
 3            THE CLERK:  Case No. 1:19dm50, United States v. John
 4   Doe, 2010R03793.  Counsel, will you please note your
 5   appearances for the record.
 6            MR. DWYER:  Good afternoon, Your Honor.  Kellen
 7   Dwyer, Gordon Kromberg, and Thomas Traxler for the United
 8   States.
 9            THE COURT:  All right.
10            MR. ZIMMERMAN:  Good afternoon, Judge.  Jeffrey
11   Zimmerman and Sarah Kunstler in the flesh for the witness,
12   Jeremy Hammond, who is in custody and present in court.
13            THE COURT:  All right.  This is a continuation of the
14   under seal hearing.  Let me hear from the government.  What's
15   the situation?
16            MR. DWYER:  Your Honor, the government will be moving
17   for Mr. Hammond to be held in civil contempt based on his
18   refusal to comply with the Court's order that he testify fully
19   in front of the grand jury.  At approximately 2:00 this
20   afternoon, Mr. Hammond appeared before the grand jury.
21
22
23
24
25
```

1
2
3
4
5        The seven questions that he refused to answer in sum
6   and substance were:
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21        We have these questions here in writing that we're
22  happy to hand up for the Court.  The government would submit
23  that in order to head off any potential factual dispute about,
24  you know, the form of the questions or exactly what was said,
25  that the Court could ask these questions to Mr. Hammond

1  directly, and if he refuses to answer them, then I think the
2  contempt will be clear and indisputable.
3  　　　　　And the last point, I know that defense counsel
4  intends to ask to put off this contempt hearing for some period
5  of time.  The government would object to that on a number of
6  grounds.  I think first that Mr. Hammond has already objected
7  to answering these questions and complying with the Court's
8  order.  After consulting with counsel, based on claimed
9  statutory and constitutional grounds, the government doesn't
10  know what those grounds are.  Presumably, defense counsel does,
11  so if they could put those on the record, do that today, that
12  would be most efficient.
13  　　　　　And then secondly, you know, the longer this is put
14  off, this is time when Mr. Hammond, who we believe is already
15  in contempt, would not be being coerced, because his time in
16  the interim would still be counting towards his sentence and
17  wouldn't be coercive time as a result of his contempt.
18  　　　　　Thank you.
19  　　　　　THE COURT:  Well, if he were cited for contempt, his
20  contempt time would, would not count towards his existing
21  sentence.  It would be in addition.
22  　　　　　MR. DWYER:  I think that's right, Your Honor, but I
23  think that -- and correct me if I'm wrong -- that if we, if we
24  put off having the hearing, that the time between now and then
25  would not count.

1        THE COURT:  Right, I understand.  These seven
2   questions, other than additional questions that his answers
3   might suggest, is that the full scope of questioning that you
4   would want of him?
5        MR. DWYER:  No, Your Honor.  I think that the line of
6   questioning kind of stopped abruptly once Mr. Hammond began to
7   ask to consult with his attorneys for each question and then
8   refused to answer.  If he did come back to the grand jury and
9   begin answering and cooperating, there are a number of other
10  questions that we would like to ask him, but certainly I think
11  some of these seven are the, are the general topics -- some of
12  the general topics that we'd want to cover.
13       THE COURT:  All right.
14       MR. DWYER:  And I have a set of the questions I can
15  pass up to the Court.
16       THE COURT:  All right, if you would.
17       MR. DWYER:  Thank you.
18       THE COURT:  All right.  Mr. Zimmerman or
19  Ms. Kunstler?
20       MR. ZIMMERMAN:  Good afternoon, Your Honor.
21       THE COURT:  Yes.
22       MR. ZIMMERMAN:  As the government indicated and as we
23  indicated to them, we will be moving -- we are moving this
24  Court to continue this contempt hearing.  The government's
25  primary argument -- or their only argument for going forward

6

1  today is efficiency, and we would argue, of course, process.
2           Federal Rule of Criminal Procedure 42, which is
3  criminal contempt, but the Supreme Court and numerous courts
4  have held that it applies to -- in the civil contempt context,
5  the procedural protections do, allows the defendant a
6  reasonable time to prepare a defense, states the essential
7  facts constituting the charged criminal contempt, and describe
8  it as such.
9           And so just here, just now, or with the questions
10 earlier, we've heard the allegations; and we've gotten the
11 questions; and, in fact, Mr. Hammond answered numerous
12 questions in front of the grand jury.  My recollection is we
13 were outside the grand jury for closer to 30 minutes, and I
14 understand some of that would have been introductory remarks,
15 before he first came out to discuss what the questions were
16 with us.
17          And so we need time to prepare.  We would also move
18 the Court for a transcript of the grand jury of all of the
19 questions and all of the answers.  The government has the
20 advantage of having been in the grand jury room, and we were
21 not.
22          In the event that this goes up on appeal, we would
23 need the grand jury transcript as part of the record.  As the
24 Court is aware, this whole proceeding is already sealed for
25 those concerns.

1       THE COURT: All right.

2       MR. ZIMMERMAN: Finally, Judge, in addition to the

3 legal right to process, there is no exigency here. The

4 government argued yesterday that the reason we had to go

5 forward is they really wanted to get these answers in front of

6 this grand jury, which, as I understand, is no longer sitting

7 as of now. So we are now in a procedural posture where there's

8 no reason to go forward.

9       I guess the government's only other stated reason was

10 they want -- they want Mr. Hammond to feel the compulsion of a

11 contempt citation right now, but that's certainly far -- he's

12 already in jail. He's served an enormous amount of time, you

13 know, for this whole circumstance, and whatever concerns there

14 are for efficiency or for him feeling a compulsion are

15 certainly far secondary to the concerns for due process, to the

16 process he's entitled under Rule 42 to general due process

17 concerns, to argue for the Court that there is any just cause

18 for him to refuse to answer those questions. Because, of

19 course, we're not talking about somebody with a blanket

20 refusal. And we need the transcript and time and -- to respond

21 to that.

22       THE COURT: Can you tell me what his reason is for

23 not answering these questions?

24       MR. ZIMMERMAN: We do, Judge. We believe -- we've

25 laid out some of, some of the, what we believe is a predicate

1  in the motions, but without the transcript and without just
2  some time to do research now that we actually have the
3  questions, we just were really at the 11th hour here. I mean,
4  we're just coming out of the grand jury room about an hour ago.
5        And it isn't sufficient time to prepare to defend him
6  against this contempt. And, and balancing against that,
7  there's just -- there's no real counterweight to going forward
8  now except, well, you know, we're kind of all here.
9        So we need time, Judge. We need time, and we're
10 entitled to time to fairly respond to this, and we would move
11 the Court to continue this hearing.
12        THE COURT: All right.
13        MR. DWYER: Your Honor, just briefly, we would submit
14 that there's been no basis shown to give the witness's counsel
15 a, what is presumptively a secret grand jury transcript. We've
16 just read the seven questions that he won't answer, and he
17 either has some sort of basis to object to those questions or
18 he doesn't. The fact that he answered other questions doesn't
19 make it less contempt that he won't answer these seven.
20        And furthermore, I'd submit that it doesn't come down
21 to the particular wording of any particular questions. It's
22 quite clear that Mr. Hammond does not want to answer any
23 questions related to the topic of those seven, and if that's
24 the case and if he has no basis, we submit that he's already
25 today in contempt.

1        THE COURT:  All right.  Let me see government counsel
2   at the bench.
3        (Ex parte bench conference on the record.)
4           *         *         *         *         *
5        (PAGES 10 AND 11 NOT INCLUDED IN THIS VOLUME.)

12

1  THE COURT: Mr. Zimmerman, I could hear directly from
2  Mr. Hammond, but could either of you put on the record at this
3  point in any more detail the basis for the objections?
4  MR. ZIMMERMAN: You know, Your Honor, we think --
5  THE COURT: He has a -- he has an immunity order
6  so --
7  MR. ZIMMERMAN: He does.
8  THE COURT: All right.
9  MR. ZIMMERMAN: I appreciate that, Judge.
10  THE COURT: So what, what -- just give me a flavor of
11  what arguably would be --
12  MR. ZIMMERMAN: I think one of the concerns --
13  THE COURT: -- the objections.
14  MR. ZIMMERMAN: -- is that -- one of the concerns
15  which is laid out to some extent in the initial pleadings is a
16  concern about abuse of the grand jury process, and to that
17  extent, as for the argument for a transcript, context matters,
18  and so we would need -- we would argue that we would want all
19  of the questions and all of the answers, not simply the
20  questions that he didn't answer, and that, that there are
21  only -- the Court has a supervisory function over the grand
22  jury and that there are only -- there are proper uses and
23  improper uses, and it would be just cause for Mr. Hammond to
24  not answer questions if, in fact, this was an improper use, and
25  to some extent, this argument about what the government has

13

1  known, how long they've known it, and how they sort of have
2  everything, was made to, to some extent in the pleadings on the
3  order to show cause or the motion to quash or however you want
4  to characterize it.
5          Having now gone through the process, we submit to the
6  Court that we need the transcript, and in the -- we feel we
7  really do need that, but even without that, that we need time
8  to consider this, and having gotten the questions and having
9  gotten what is essentially noticed in court today of the
10 possibility that they're seeking contempt, to form these
11 arguments.
12         But that's, you know, we feel that there may have
13 been -- that there's a good argument there was abuse of the
14 grand jury process.  Again, it's just a chance to develop a
15 defense.
16         THE COURT:  All right.
17         MR. ZIMMERMAN:  And I think that just as with any
18 case and any allegation, we have a right to an opportunity to
19 develop a defense, Judge, and I suggest to submit it in writing
20 and give the government a chance to respond.
21         THE COURT:  All right.
22         MR. ZIMMERMAN:  Thank you, Judge.
23         THE COURT:  The posture of this case is that the
24 Court yesterday overruled the motion for rule to show cause why
25 the order to testify should be quashed, and in considering that

1  motion, the Court reviewed the positions that I hear reprised
2  here, particularly that there was -- there was grand jury
3  abuse, and the Court has indicated, indicated yesterday it
4  sees, sees nothing in this record that would justify that, that
5  conclusion.
6          The, the questions have been provided to the Court.
7  As far as I can tell, the objections are foreclosed by the
8  grant of immunity, and the questions are entirely proper.
9          At this point, I would construe the defendant's
10 position as one of objecting to these questions, triggering the
11 obligation for the Court to consider and rule on those
12 objections.  The objections, as best I can understand them, are
13 overruled, and Mr. Hammond is going to be ordered to return to
14 the grand jury when it next meets and to testify in response to
15 these questions and any other follow-up questions that may be
16 put, put to the witness.
17         Mr. Hammond, I want you to come to the podium.
18 Mr. Hammond, I'm ordering you to return to the grand jury at
19 its next sitting and to testify fully and accurately and
20 truthfully to the questions that are presented to you.  If you
21 persist in any refusal to answer those questions, you'll be
22 cited for contempt, and if you're adjudicated in contempt,
23 you'll be confined for the length of the grand jury or up to 18
24 months, and you may also be fined.
25         You may also if you persist in not answering those

15

1  questions, you could be cited for criminal contempt and face an
2  additional period of incarceration. And all that time would be
3  in addition to any, any current sentence that you're, you're
4  serving.
5       So I would ask you to reflect on how do you want to
6  proceed in this case. I would encourage you to speak --
7  continue to speak with your lawyers. I would encourage counsel
8  to continue speaking with, with the government. And at this
9  point, this will be, this will be the order of the Court.
10      So you'll be ordered to testify. Any objections are
11 overruled, and you're ordered to testify before the grand jury
12 at its next sitting.
13      All right. Is there anything further on this?
14      MR. DWYER: Your Honor, just to clarify the Court's
15 order, is there presently a finding of contempt?
16      THE COURT: No.
17      MR. DWYER: Okay. Thank you.
18      THE COURT: No. All right. Anything else?
19      MR. DWYER: Not from the government, Your Honor.
20      MR. ZIMMERMAN: No, thank you, Judge.
21      THE COURT: All right. The Court will stand in
22 recess.
23                    (Which were all the proceedings
24                    had at this time.)
25

16

CERTIFICATE OF THE REPORTER

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter.

*Anneliese J. Thomson*
Anneliese J. Thomson