1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

```
UNITED STATES OF AMERICA      .   Case No. 1:19dm50
                              .
     vs.                      .   Alexandria, Virginia
                              .   October 10, 2019
JOHN DOE 2010R03793,          .   12:45 p.m.
                              .
          Defendant.          .   SEALED   REDACTED
                              .
. . . . . . . . . . .
```

TRANSCRIPT OF CONTEMPT HEARING
BEFORE THE HONORABLE ANTHONY J. TRENGA
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE UNITED STATES:     TRACY D. McCORMICK, AUSA
                           GORDON D. KROMBERG, AUSA
                           KELLEN S. DWYER, AUSA
                           THOMAS W. TRAXLER, AUSA
                           United States Attorney's Office
                           2100 Jamieson Avenue
                           Alexandria, VA 22314


FOR THE GRAND JURY WITNESS: JEFFREY D. ZIMMERMAN, ESQ.
                            Jeffrey Zimmerman PLLC
                            108 North Alfred Street
                            Alexandria, VA 22314
                              and
                            SUSAN G. KELLMAN, ESQ.
                            Law Offices of Susan G. Kellman
                            and Associates
                            25 8th Avenue
                            Brooklyn, NY 11217


OFFICIAL COURT REPORTER:   ANNELIESE J. THOMSON, RDR, CRR
                           U.S. District Court, Third Floor
                           401 Courthouse Square
                           Alexandria, VA 22314
                           (703)299-8595

(Pages 1 - 14)

COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

                    P R O C E E D I N G S

                    (Grand Jury Witness present.)

         THE CLERK:  Case No. 1:19dm50, United States v. John Doe 2010R03793.  Counsel, would you please note your appearances for the record.

         MR. KROMBERG:  Good afternoon, Your Honor.  Gordon Kromberg, Thomas Traxler, Kellen Dwyer, and Tracy McCormick for the United States.

         MS. KELLMAN:  Good morning, Your Honor.  Susan Kellman for Jeremy Hammond, and I'm assisted at counsel table, Your Honor, by Jeffrey Zimmerman, who is local counsel.

         THE COURT:  All right.  Mr. Kromberg, do you want to tell us where we are?

         MR. KROMBERG:  Yes, Your Honor.  So in August of this year, Ms. Kellman and I spoke about her client, Jeremy Hammond, appearing before the grand jury in September or perhaps speaking with the government outside of the grand jury.  It did not work out.

         We brought him to the grand jury on September 12, I think it was.  Mr. Hammond answered a few questions and then stopped.  We then appeared before you.  The government asked that Mr. Hammond be held in contempt -- civil contempt for failing to answer questions.  The Court did not hold him in contempt but told him that he should be prepared to answer the questions that were named.  We went over those

1  questions --

2  THE COURT: Right.

3  MR. KROMBERG: -- and the Court said: If you're
4  going to be brought back in October, you're going to answer
5  those questions.

6  So we had the grand jury scheduled for this morning.
7  Ms. Kellman sent me -- excuse me, Mr. Zimmerman sent me an
8  e-mail yesterday saying that Mr. Hammond was not going to
9  testify. Ms. Kellman just reiterated that to me as we were
10  waiting for our case to be called.

11  So, Judge, we think what should happen is that you
12  should inquire of the witness whether he will, in fact, refuse
13  to answer the questions that were posed to him before. If he
14  says that he will not answer those questions, then we think you
15  should hold him in civil contempt.

16  THE COURT: He has not been brought before the grand
17  jury today?

18  MR. KROMBERG: We did not do that this morning --

19  THE COURT: All right.

20  MR. KROMBERG: -- because we were told he would not
21  answer questions.

22  We have the grand jury scheduled at 1:30 this
23  afternoon --

24  THE COURT: All right.

25  MR. KROMBERG: -- in case he will answer questions.

1       THE COURT: All right.

2       MR. KROMBERG: Thank you, Your Honor.

3       THE COURT: All right. Counsel? And for the record, I have received a motion and memorandum of law in support of an order to show cause as to why the government's writ summonsing testimony and this Court's immunity compulsion order should not be quashed, stayed, or vacated, and I've reviewed that.

8       MS. KELLMAN: Thank you, Your Honor. Your Honor, I think that the focus of my presentation this afternoon is on the seven questions that Your Honor highlighted the last time that everybody was before you, everybody but me.

12      THE COURT: All right.

13      MS. KELLMAN: I was on the phone, and I appreciate that courtesy, Judge. But as to those seven questions, Judge, and we've had this discussion, I've had it with my client and also with the U.S. Attorney's Office, one of the criteria for bringing an inmate before a grand jury through the, through the mechanism the government has used, they have to show that there's some necessity -- not some but that there is necessity, because what they've done is interrupt his sentence for now. They've interrupted the program that he was in, and they've caused him harm without even -- before he's even decided whether he's answering questions or not.

24      But the reality is the government has no -- cannot show any necessity, and we've tried to outline as best we can

5

1   in our papers why that's the case, but just by way of
2   background -- and, Judge, respectfully, I think that's one of
3   the reasons that Judge Preska has asked me to continue my
4   representation of Mr. Hammond, because I represented him ten
5   years ago in his underlying case in the Southern District, and
6   that is because at the time he was arrested, he was certainly
7   offered plenty of opportunities to cooperate with the
8   government.
9           He chose not to cooperate with the government, but

1
2        MS. KELLMAN:  Well, I think, Judge, in fairness,
3   while yes, he could answer those questions,
4
5
6        THE COURT:  Well, what relevance does that have?  Was
7   there something in his plea agreement that restricted the
8   government from seeking further testimony from him before a
9   grand jury?
10       MS. KELLMAN:  Well, I suppose he wouldn't have
11  immunity                                              The
12  government's position when we spoke in August was that he has
13  complete immunity because he has been prosecuted and as a
14  result of his prosecution --
15       THE COURT:  Right, but what, what relevance does the
16  scope of his prior prosecution have with respect to his
17  essential -- what you're arguing is essentially his immunity
18  from testifying before the grand jury?
19       MS. KELLMAN:  Well, you know, Judge,
20
21                    and the government hasn't come forward and
22  said why they -- why the answers to these are necessary, and it
23  seems to me that the first burden is on the government to show
24  why these are necessary.
25

1
2
3        What is the government's
4  representation, it seems to me is a legitimate inquiry for the
5  Court, what is the government's representation as to why it is
6  that they need, I think we're talking about essentially the
7  last few questions?
8        THE COURT:  Right.  Well, the relevance strikes the
9  Court as being apparent on its face.
10        MS. KELLMAN:  But not if they know the answers to the
11  questions.
12
13
14
15
16
17
18
19
20
21
22
23
24
25

8

1  this material, and if they have it, then what legitimate
2  purpose other than seeking to punish our client further for not
3  talking to them, what legitimate purpose do they have for
4  asking these questions if they, if they have the answers?
5       I mean, the supervision, as we understood it, of

1
2
3
4
5
6
7
8
9
10
11         And it seems to me that the government now ought to
12   have the burden before they stop his federal time from running
13   and punish him further, they ought to have the obligation of
14   coming forward and not just throwing out questions but explain
15   to the Court in a way that we can respond to that indicates
16   that they have a real need for us, because our view from having
17   been involved from Day One is that they know the answers to all
18   these questions.  That's -- that really is our --
19
20
21
22
23
24
25         MS. KELLMAN:  They have our

1
2
3      THE COURT: All right. Mr. Kromberg, do you want to
4  respond to that?
5      MR. KROMBERG: I think Your Honor may have gotten off
6  on a tangent. The Supreme Court in a case that came out of
7  this courthouse, actually the 200 South Washington Street
8  courthouse, a case that I believe was before both Judge Bryan
9  and Judge Hilton called *R. Enterprises* --
10     THE COURT: Right.
11     MR. KROMBERG: -- the Supreme Court held the United
12  States does not have to show necessity before the witness can
13  be compelled to answer the question.
14     We don't think that we are required to show why we
15  need this. We're certainly not required to show it to the, to
16  the witness. We're happy to tell the Court in an ex parte
17  setting what the point of all this is, but the law is that the
18  witness cannot challenge his subpoena on the grounds that he's
19  not satisfied that the government needs the information.
20     THE COURT: All right. Anything further? Go ahead.
21     MS. KELLMAN: If I may, Your Honor, my, my quarrel
22  with the government's representation about the *R. Enterprises*
23  case is that I believe that there's a difference between a writ
24  ad testificandum or a normal grand jury subpoena. In this
25  case, my client was brought here as an inmate --

1      THE COURT: Right.

2      MS. KELLMAN: -- and because of the statute that permits the government to bring him here without a subpoena, without any notice, there is -- as I understand the statute and the case law, there is a requirement under those circumstances, not under the Rule 17 circumstances but under these circumstances, that he's an inmate and that he's being brought here with no notice, that necessity is required, that the government is required to show necessity.

10     THE COURT: All right.

11     MS. KELLMAN: And our view is that they can't.

12     THE COURT: I understand. I understand.

13     These objections really are in substance what had previously been raised at the earlier hearing and which the Court found insufficient to justify his refusal to testify, and the Court did order Mr. Hammond to testify at the next grand jury.

18     Mr. Hammond, would you come to the podium, please? Mr. Hammond, did you understand that the Court had ordered you at the last hearing to testify at the grand jury when it next sat?

22     THE GRAND JURY WITNESS: Yes, I understand.

23     THE COURT: All right. And am I correct that I understand from your counsel that you refuse to testify before the grand jury which is now sitting to answer the questions

```
                                                                    12
 1    that the Court had previously ordered you to answer?
 2              THE GRAND JURY WITNESS:  I believe I have just cause
 3    as to why I'm refusing to answer those questions.
 4              THE COURT:  Okay.  So you are refusing to answer
 5    those questions?
 6              THE GRAND JURY WITNESS:  With just cause.
 7              THE COURT:  All right.  And I want to give you that
 8    opportunity to tell the Court why, why you think you're
 9    justified in not answering those questions.
10              MS. KELLMAN:  Your Honor, I think -- may we have a
11    moment?
12              THE COURT:  Yeah.
13              THE GRAND JURY WITNESS:  Yeah.  I think I'm going to
14    rely on the arguments made in our brief to show just cause as
15    to why I'm not going to answer those questions, Judge.
16              THE COURT:  All right.  You don't want to add
17    anything to what's already been provided by your lawyers?
18              THE GRAND JURY WITNESS:  No.
19              THE COURT:  All right.  All right.  Mr. Hammond, as
20    I've indicated earlier, I've reviewed these objections, and
21    unfortunately for you, they're just not sufficient.  I just
22    don't think there's any legal basis that justifies your not
23    answering these questions, which are fairly straightforward and
24    fairly -- I think you could easily answer in quick fashion if
25    you, if you wanted to.
```

13

1           I'm finding that you have knowingly and willfully
2  violated the Court's order that you testify before the grand
3  jury that's now sitting, and I'm going to hold you in civil
4  contempt, and you'll be committed to the Bureau of -- committed
5  to the attorney general until such time as you purge that
6  contempt by testifying before the grand jury or until the
7  expiration of that grand jury, and the time you spend in civil
8  contempt will be in addition to your current sentence.
9           Is there anything else?
10          MR. KROMBERG:  Not from the government.  If there is
11 anything else, it would be appropriate to open the courtroom.
12          THE COURT:  I am.  I'm going to open the courtroom
13 and put on the record what the Court has done.
14          MR. KROMBERG:  All right.  There's nothing else from
15 the government.
16          THE COURT:  Okay.  Anything further you want to put
17 on the record before we open the courtroom?
18          MS. KELLMAN:  Well, my first request was going to be
19 to open the courtroom, Judge, so --
20          THE COURT:  All right.
21          MS. KELLMAN:  I don't know if Your Honor is
22 contemplating a fine.  I assume that --
23          THE COURT:  No, not at this point.
24          MS. KELLMAN:  May I have just a moment?
25          Your Honor, we weren't able to get the minutes from

```
                                                                    14
 1   the last proceeding from September 12.  I'm wondering if Your
 2   Honor would permit us to, just the counsel, for counsel to --
 3             THE COURT:  Of the hearing?
 4             MS. KELLMAN:  Yes.
 5             THE COURT:  Any objection to that?
 6             MR. KROMBERG:  No, Your Honor.
 7             THE COURT:  All right.
 8             MR. KROMBERG:  I would say they --
 9             THE COURT:  They need to remain under seal.
10             MS. KELLMAN:  Of course.
11             THE COURT:  Yes.
12             MS. KELLMAN:  Understood.  Well, I guess my other
13   question is would you unseal them?
14             THE COURT:  I'm not going to unseal those.  I am
15   going to put, though, on public record the substance of what
16   has happened over the last few, few hearings.
17             MS. KELLMAN:  May I have just a moment, Judge?
18             Yeah, nothing further.
19             THE COURT:  All right, let's open the courtroom.
20                       (Which were all the proceedings
21                        had at this time.)
22                   CERTIFICATE OF THE REPORTER
23      I certify that the foregoing is a correct transcript of
24   the record of proceedings in the above-entitled matter.
25                              _____
                                     Anneliese J. Thomson
```