1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | . | Case No. 1:19dm50 |
| vs. | . | Alexandria, Virginia |
| | . | September 12, 2019 |
| JOHN DOE 2010R03793, | . | 4:00 p.m. |
| Defendant. | . | S̶E̶A̶L̶E̶D̶ REDACTED |

. . . . . . . . . . .

TRANSCRIPT OF CONTEMPT HEARING
BEFORE THE HONORABLE ANTHONY J. TRENGA
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE UNITED STATES:          GORDON D. KROMBERG, AUSA
                                KELLEN S. DWYER, AUSA
                                THOMAS W. TRAXLER, AUSA
                                United States Attorney's Office
                                2100 Jamieson Avenue
                                Alexandria, VA 22314


FOR THE GRAND JURY WITNESS:     JEFFREY D. ZIMMERMAN, ESQ.
                                Jeffrey Zimmerman PLLC
                                108 North Alfred Street
                                Alexandria, VA 22314
                                   and
                                SARAH KUNSTLER, ESQ.
                                Kunstler Law
                                42 Broadway, Suite 12-122
                                New York, NY 10004


OFFICIAL COURT REPORTER:        ANNELIESE J. THOMSON, RDR, CRR
                                U.S. District Court, Third Floor
                                401 Courthouse Square
                                Alexandria, VA 22314
                                (703)299-8595


(Pages 1 - 16)


COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

```
 1                    P R O C E E D I N G S
 2                    (Grand Jury Witness present.)
 3          THE CLERK:  Case No. 1:19dm50, United States v. John
 4   Doe, 2010R03793.  Counsel, will you please note your
 5   appearances for the record.
 6          MR. DWYER:  Good afternoon, Your Honor.  Kellen
 7   Dwyer, Gordon Kromberg, and Thomas Traxler for the United
 8   States.
 9          THE COURT:  All right.
10          MR. ZIMMERMAN:  Good afternoon, Judge.  Jeffrey
11   Zimmerman and Sarah Kunstler in the flesh for the witness,
12   Jeremy Hammond, who is in custody and present in court.
13          THE COURT:  All right.  This is a continuation of the
14   under seal hearing.  Let me hear from the government.  What's
15   the situation?
16          MR. DWYER:  Your Honor, the government will be moving
17   for Mr. Hammond to be held in civil contempt based on his
18   refusal to comply with the Court's order that he testify fully
19   in front of the grand jury.  At approximately 2:00 this
20   afternoon, Mr. Hammond appeared before the grand jury.
21
22
23
24
25
```

5  The seven questions that he refused to answer in sum
6 and substance were:

21  We have these questions here in writing that we're
22 happy to hand up for the Court. The government would submit
23 that in order to head off any potential factual dispute about,
24 you know, the form of the questions or exactly what was said,
25 that the Court could ask these questions to Mr. Hammond

1  directly, and if he refuses to answer them, then I think the
2  contempt will be clear and indisputable.
3        And the last point, I know that defense counsel
4  intends to ask to put off this contempt hearing for some period
5  of time. The government would object to that on a number of
6  grounds. I think first that Mr. Hammond has already objected
7  to answering these questions and complying with the Court's
8  order. After consulting with counsel, based on claimed
9  statutory and constitutional grounds, the government doesn't
10 know what those grounds are. Presumably, defense counsel does,
11 so if they could put those on the record, do that today, that
12 would be most efficient.
13       And then secondly, you know, the longer this is put
14 off, this is time when Mr. Hammond, who we believe is already
15 in contempt, would not be being coerced, because his time in
16 the interim would still be counting towards his sentence and
17 wouldn't be coercive time as a result of his contempt.
18       Thank you.
19       THE COURT: Well, if he were cited for contempt, his
20 contempt time would, would not count towards his existing
21 sentence. It would be in addition.
22       MR. DWYER: I think that's right, Your Honor, but I
23 think that -- and correct me if I'm wrong -- that if we, if we
24 put off having the hearing, that the time between now and then
25 would not count.

1    THE COURT: Right, I understand. These seven
2 questions, other than additional questions that his answers
3 might suggest, is that the full scope of questioning that you
4 would want of him?
5    MR. DWYER: No, Your Honor. I think that the line of
6 questioning kind of stopped abruptly once Mr. Hammond began to
7 ask to consult with his attorneys for each question and then
8 refused to answer. If he did come back to the grand jury and
9 begin answering and cooperating, there are a number of other
10 questions that we would like to ask him, but certainly I think
11 some of these seven are the, are the general topics -- some of
12 the general topics that we'd want to cover.
13    THE COURT: All right.
14    MR. DWYER: And I have a set of the questions I can
15 pass up to the Court.
16    THE COURT: All right, if you would.
17    MR. DWYER: Thank you.
18    THE COURT: All right. Mr. Zimmerman or
19 Ms. Kunstler?
20    MR. ZIMMERMAN: Good afternoon, Your Honor.
21    THE COURT: Yes.
22    MR. ZIMMERMAN: As the government indicated and as we
23 indicated to them, we will be moving -- we are moving this
24 Court to continue this contempt hearing. The government's
25 primary argument -- or their only argument for going forward

6

1  today is efficiency, and we would argue, of course, process.
2  Federal Rule of Criminal Procedure 42, which is
3  criminal contempt, but the Supreme Court and numerous courts
4  have held that it applies to -- in the civil contempt context,
5  the procedural protections do, allows the defendant a
6  reasonable time to prepare a defense, states the essential
7  facts constituting the charged criminal contempt, and describe
8  it as such.
9  And so just here, just now, or with the questions
10  earlier, we've heard the allegations; and we've gotten the
11  questions; and, in fact, Mr. Hammond answered numerous
12  questions in front of the grand jury. My recollection is we
13  were outside the grand jury for closer to 30 minutes, and I
14  understand some of that would have been introductory remarks,
15  before he first came out to discuss what the questions were
16  with us.
17  And so we need time to prepare. We would also move
18  the Court for a transcript of the grand jury of all of the
19  questions and all of the answers. The government has the
20  advantage of having been in the grand jury room, and we were
21  not.
22  In the event that this goes up on appeal, we would
23  need the grand jury transcript as part of the record. As the
24  Court is aware, this whole proceeding is already sealed for
25  those concerns.

1          THE COURT: All right.

2          MR. ZIMMERMAN: Finally, Judge, in addition to the
3    legal right to process, there is no exigency here. The
4    government argued yesterday that the reason we had to go
5    forward is they really wanted to get these answers in front of
6    this grand jury, which, as I understand, is no longer sitting
7    as of now. So we are now in a procedural posture where there's
8    no reason to go forward.

9          I guess the government's only other stated reason was
10   they want -- they want Mr. Hammond to feel the compulsion of a
11   contempt citation right now, but that's certainly far -- he's
12   already in jail. He's served an enormous amount of time, you
13   know, for this whole circumstance, and whatever concerns there
14   are for efficiency or for him feeling a compulsion are
15   certainly far secondary to the concerns for due process, to the
16   process he's entitled under Rule 42 to general due process
17   concerns, to argue for the Court that there is any just cause
18   for him to refuse to answer those questions. Because, of
19   course, we're not talking about somebody with a blanket
20   refusal. And we need the transcript and time and -- to respond
21   to that.

22         THE COURT: Can you tell me what his reason is for
23   not answering these questions?

24         MR. ZIMMERMAN: We do, Judge. We believe -- we've
25   laid out some of, some of the, what we believe is a predicate

1  in the motions, but without the transcript and without just
2  some time to do research now that we actually have the
3  questions, we just were really at the 11th hour here. I mean,
4  we're just coming out of the grand jury room about an hour ago.
5      And it isn't sufficient time to prepare to defend him
6  against this contempt. And, and balancing against that,
7  there's just -- there's no real counterweight to going forward
8  now except, well, you know, we're kind of all here.
9      So we need time, Judge. We need time, and we're
10 entitled to time to fairly respond to this, and we would move
11 the Court to continue this hearing.
12     THE COURT: All right.
13     MR. DWYER: Your Honor, just briefly, we would submit
14 that there's been no basis shown to give the witness's counsel
15 a, what is presumptively a secret grand jury transcript. We've
16 just read the seven questions that he won't answer, and he
17 either has some sort of basis to object to those questions or
18 he doesn't. The fact that he answered other questions doesn't
19 make it less contempt that he won't answer these seven.
20     And furthermore, I'd submit that it doesn't come down
21 to the particular wording of any particular questions. It's
22 quite clear that Mr. Hammond does not want to answer any
23 questions related to the topic of those seven, and if that's
24 the case and if he has no basis, we submit that he's already
25 today in contempt.

9

1        THE COURT: All right. Let me see government counsel
2   at the bench.
3            (Ex parte bench conference on the record.)
4            *       *       *       *       *
5            (PAGES 10 AND 11 NOT INCLUDED IN THIS VOLUME.)

```
                                                                  12
 1              THE COURT:  Mr. Zimmerman, I could hear directly from
 2   Mr. Hammond, but could either of you put on the record at this
 3   point in any more detail the basis for the objections?
 4              MR. ZIMMERMAN:  You know, Your Honor, we think --
 5              THE COURT:  He has a -- he has an immunity order
 6   so --
 7              MR. ZIMMERMAN:  He does.
 8              THE COURT:  All right.
 9              MR. ZIMMERMAN:  I appreciate that, Judge.
10              THE COURT:  So what, what -- just give me a flavor of
11   what arguably would be --
12              MR. ZIMMERMAN:  I think one of the concerns --
13              THE COURT:  -- the objections.
14              MR. ZIMMERMAN:  -- is that -- one of the concerns
15   which is laid out to some extent in the initial pleadings is a
16   concern about abuse of the grand jury process, and to that
17   extent, as for the argument for a transcript, context matters,
18   and so we would need -- we would argue that we would want all
19   of the questions and all of the answers, not simply the
20   questions that he didn't answer, and that, that there are
21   only -- the Court has a supervisory function over the grand
22   jury and that there are only -- there are proper uses and
23   improper uses, and it would be just cause for Mr. Hammond to
24   not answer questions if, in fact, this was an improper use, and
25   to some extent, this argument about what the government has
```

1  known, how long they've known it, and how they sort of have
2  everything, was made to, to some extent in the pleadings on the
3  order to show cause or the motion to quash or however you want
4  to characterize it.
5      Having now gone through the process, we submit to the
6  Court that we need the transcript, and in the -- we feel we
7  really do need that, but even without that, that we need time
8  to consider this, and having gotten the questions and having
9  gotten what is essentially noticed in court today of the
10 possibility that they're seeking contempt, to form these
11 arguments.
12     But that's, you know, we feel that there may have
13 been -- that there's a good argument there was abuse of the
14 grand jury process. Again, it's just a chance to develop a
15 defense.
16     THE COURT: All right.
17     MR. ZIMMERMAN: And I think that just as with any
18 case and any allegation, we have a right to an opportunity to
19 develop a defense, Judge, and I suggest to submit it in writing
20 and give the government a chance to respond.
21     THE COURT: All right.
22     MR. ZIMMERMAN: Thank you, Judge.
23     THE COURT: The posture of this case is that the
24 Court yesterday overruled the motion for rule to show cause why
25 the order to testify should be quashed, and in considering that

14

1   motion, the Court reviewed the positions that I hear reprised
2   here, particularly that there was -- there was grand jury
3   abuse, and the Court has indicated, indicated yesterday it
4   sees, sees nothing in this record that would justify that, that
5   conclusion.
6           The, the questions have been provided to the Court.
7   As far as I can tell, the objections are foreclosed by the
8   grant of immunity, and the questions are entirely proper.
9           At this point, I would construe the defendant's
10  position as one of objecting to these questions, triggering the
11  obligation for the Court to consider and rule on those
12  objections.  The objections, as best I can understand them, are
13  overruled, and Mr. Hammond is going to be ordered to return to
14  the grand jury when it next meets and to testify in response to
15  these questions and any other follow-up questions that may be
16  put, put to the witness.
17          Mr. Hammond, I want you to come to the podium.
18  Mr. Hammond, I'm ordering you to return to the grand jury at
19  its next sitting and to testify fully and accurately and
20  truthfully to the questions that are presented to you.  If you
21  persist in any refusal to answer those questions, you'll be
22  cited for contempt, and if you're adjudicated in contempt,
23  you'll be confined for the length of the grand jury or up to 18
24  months, and you may also be fined.
25          You may also if you persist in not answering those

1  questions, you could be cited for criminal contempt and face an
2  additional period of incarceration. And all that time would be
3  in addition to any, any current sentence that you're, you're
4  serving.
5      So I would ask you to reflect on how do you want to
6  proceed in this case. I would encourage you to speak --
7  continue to speak with your lawyers. I would encourage counsel
8  to continue speaking with, with the government. And at this
9  point, this will be, this will be the order of the Court.
10     So you'll be ordered to testify. Any objections are
11 overruled, and you're ordered to testify before the grand jury
12 at its next sitting.
13     All right. Is there anything further on this?
14     MR. DWYER: Your Honor, just to clarify the Court's
15 order, is there presently a finding of contempt?
16     THE COURT: No.
17     MR. DWYER: Okay. Thank you.
18     THE COURT: No. All right. Anything else?
19     MR. DWYER: Not from the government, Your Honor.
20     MR. ZIMMERMAN: No, thank you, Judge.
21     THE COURT: All right. The Court will stand in
22 recess.
23                    (Which were all the proceedings
24                     had at this time.)
25

16

CERTIFICATE OF THE REPORTER

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter.

*Anneliese J. Thomson*

Anneliese J. Thomson